## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### (Baltimore Division)

CYNTHIA C. NEAL,

       Plaintiff,

   v.

HOUSEHOLD FINANCE CORPORATION
AND FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

       Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

Defendant Household Finance Corporation III (incorrectly identified in the Complaint as "Household Finance Corporation") ("Household") hereby files this Notice of Removal to remove the above-captioned civil action from the Circuit Court for Anne Arundel County, Maryland to the United States District Court for the District of Maryland. This action is removable pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. As grounds for removal, Household states the following:

1.     On or about December 19, 2012, Plaintiff, Cynthia C. Neal, commenced the underlying state court action, captioned Cynthia C. Neal v. Household Finance Corporation, et. al , Case No. 02-C-12174642RP (the "State Court Action"), by filing a "Petition for Verification of Debt, Determine Holder in Due Course Status, True Party in Interest, Request for Accounting or Release of Lien" in the Circuit Court for Anne Arundel County, Maryland (the "Complaint").

2.     The Complaint and Summons in the State Court Action were served on a registered agent for Household Finance Corporation III on January 8, 2013.  Pursuant to 28 U.S.C. §1446(a) and Local Rule 103(5)(a), a copy of the Summons and Complaint are attached as Exhibits 1 and 2 hereto.  No other process, pleadings, or orders have been served on Household in the State Court Action.

3.     Although the caption of the Complaint suggests that Plaintiff has also named the Federal National Mortgage Association ("FNMA") as a co-Defendant, the docket in the State Court Action shows that no Summons was issued as to FNMA.  The docket in the State Court Action is attached hereto as Exhibit 3.

4.     Therefore, FNMA has never properly been served with process and is not formally a party to this action.  As such, FNMA's consent to removal is not required.[1]  See, e.g., 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.")

5.     Regardless, this Notice of Removal is being filed within 30 days of service of the Complaint and Summons on Household, and is therefore timely.  See 28 U.S.C. § 1446(b).

6.     This Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the Complaint includes claims arising under the laws of United States.  In particular, the Complaint purports to assert, among other claims, alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692g(b) ("FDCPA").  (See Compl. at p. 1).

---

[1]     In addition, the Complaint fails to allege even a single fact that would pertain to FNMA.  Considering this fact and the lack of an issued Summons for FNMA, it appears as though Plaintiff did not fully intend that FNMA be made a party to this action.

7.     Accordingly, federal subject matter jurisdiction is proper under 28 U.S.C. §1441.

8.     This Court may also exercise subject matter jurisdiction over the State Court Action under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy is in excess of the $75,000 threshold amount.

9.     The Complaint states that Plaintiff's address is 416 Collins Road, Edgewater, Maryland 21037.  (See Compl.¶6.)  Therefore, Plaintiff is a citizen of Maryland.  See Thomas v. Farmer, 148 F. Supp.2d 593, 595 n.1 (D. Md. 2001).

10.     The Defendant named in the Complaint as "Household Finance Corporation" is an entity which no longer exists.  The correct entity is Household Finance Corporation III, which is incorporated in the state of Delaware and maintains a principal place of business at 26525 North Riverwoods Boulevard, Mettawa, IL 60045.  As such, Household is a citizen of Delaware and Illinois for the purposes of diversity jurisdiction.  See 28 U.S.C. §1332(c)(1).

11.     FNMA has not been served with process; therefore, FNMA's citizenship should not be considered in evaluating whether there is diversity jurisdiction under 28 U.S.C. §1332.  See 28 U.S.C. § 1446(b)(2)(A).

12.     Regardless, even if FNMA's citizenship were considered, the parties would still be diverse.  FNMA is a congressionally chartered federal instrumentality with its principal place of business at 3900 Wisconsin Ave. N.W., Washington, DC, 20016.  As such, FNMA is a citizen of the District of Columbia for the purposes of diversity jurisdiction.  See 28 U.S.C. §1332(c)(1).

13.     Accordingly, Plaintiff, Household and FNMA are citizens of different states as set forth above, and the parties are diverse for purposes of jurisdiction under 28 U.S.C. §1332.

14.     The amount in controversy requirement for diversity jurisdiction has also been satisfied.  In addition to her FDCPA claim, Plaintiff apparently seeks to quiet title and nullify a Deed of Trust securing the real property located at 416 Collins Road, Edgewater, Maryland 21037 (the "Property").  (See generally Compl.)  A copy of the Deed of Trust is attached hereto as Exhibit 4.

15.     The Deed of Trust provided security for an underlying promissory note (the "Note") in the amount of $549,730.99.  A copy of the Note is attached hereto as Exhibit 5.

16.     In a suit to quiet title, the object of the litigation is the property at issue, and "the amount in controversy is the value of the whole of the real estate to which the claim extends and not the value of the defendant's claim."  Peterson v. Sucro, 93 F.2d 878 (4th Cir. 1938).  See also Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale); Woodside v. Ciceroni, 93 F. 1, 4 (9th Cir.1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."); Ruthfield v. PNC Bank National Assoc., No. 5:11–cv–45, 2011 WL 3298420 at *3 (W.D.N.C. Aug. 1, 2011) ("[i]n an action seeking to quiet title, 'the amount in controversy is the value of the whole of the real estate to which the claim extends' ").

4

17.     Here, Plaintiff seeks to extinguish the right to enforce the Deed of Trust to the Property, which has an estimated value between $426,000 (www.trulia.com) and approximately $516,000 (www.zillow.com).

18.     Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     This Court is the United States District Court for the district within which the State Court Action is pending.  This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

20.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Clerk for the Circuit Court for Anne Arundel County, Maryland, and served on Plaintiff.  A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as Exhibit 6.

21.     In filing this Notice of Removal, Household reserves any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, service, venue, and statute of limitations.

WHEREFORE, notice is given that the State Court Action is removed from the Maryland Circuit Court for Anne Arundel County to the United States District Court for the District of Maryland.

Respectfully submitted,

_____
Andrew K. Stutzman (29666)
Zeenat A. Iqbal (18267)
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Avenue, N.W., Suite 500
Washington, DC  20036
(202) 822-9611
(202) 822-0140 (fax)
astutzman@stradley.com
ziqbal@stradley.com

*Attorneys for Defendants*
*Household Finance Corporation III*

Date:  February 7, 2013

## CERTIFICATE OF SERVICE

I, Zeenat A. Iqbal, hereby certify that the foregoing Notice of Removal and accompanying exhibits was served via First Class U.S. Mail, postage pre-paid, upon the following:

Cynthia C. Neal
416 Collins Road,
Edgewater, Maryland 21037.

*Plaintiff (acting Pro Se)*

Zeenat A. Iqbal

Date:  February 7, 2013

# 1684663