IN THE CIRCUIT COURT OF THE MARYLAND JUDICIAL CIRCUIT IN AND FOR ANNE ARUNDEL COUNTY, STATE OF MARYLAND

CYNTHIA C. NEAL—416 Collins Road
Edgewater, MD 21037

Petitioner,

CASE NO.: C12 174 642

vs.

HOUSEHOLD FINANCE CORPORATION;
FEDERAL NATIONAL MORTGAGE ASSOCIATION
The Corporation Trust, Inc.
Respondents. 351 West Camden Street, Baltimore, MD 21201

## PETITION FOR VERIFICATION OF DEBT, DETERMINE HOLDER IN DUE COURSE STATUS, TRUE PARTY IN INTEREST, REQUEST FOR ACCOUNTING OR RELEASE OF LIEN

In response to widespread application of "Deed of Trust backed securities" trading, the Plaintiff have genuine concerns as to the true nature of the underlying security instrument and seeks a Verification of Debt, Determine Holder In Due Course Status, True Party In Interest, Request for Accounting or Release of Lien pursuant to Rule 12-103. Action for release of lien instrument and Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b) from the Defendants.

In order for the Defendant to have Standing in this security instrument, Plaintiff requests the Defendant to produce the following as proof of claim within 30 days of this notice.

This is an action to Validate, Determine Holder In Due Course Status, True Party In Interest, Request For Accounting or Release Of Lien to real property owned by CYNTHIA C. NEAL in fee simple and located at 416 Collins Road, Edgewater, MD. 21037, Anne Arundel, Maryland, and more fully described as follows:

A DEED DATED 02/08/1978 AND RECORDED 03/20/1978, AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, IN DEED VOLUME 3062 AND 133. TAX MAP OR PARCEL ID NO.: 1-000-90013515.

Plaintiffs' title to the above-described property is derived from the Warranty Deed from Delbra Collins/ Hellen Collins, to the Plaintiffs, recorded at Book: 3117, Page: 417 Public Records of Anne Anne Arundel County, Maryland. A copy of said Warranty Deed is attached as [See Exhibit "A" Warranty Deed].

Cynthia C. Neal who's address is 416 Collins Road, Edgewater, MD. 21037

Defendant household Finance Corporation is a corporation that does business in the state of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, IL 60070, Service will be made on the Registered Agent The Corporation Trust Incorporated at 351 West Camden Street, Baltimore, MD. 21201

Defendant is a Federal National Mortgage Association that does business in the District of Columbia, with its principal place of business at 3900 Wisconsin Avenue, NW Washington, DC. 20016.

1. The **ORIGINAL WET INK SIGNATURE PROMISSORY NOTE** AND **DEED OF TRUST** signed by Defendant in association to the loan pursuant of USC Title 18, Part 1, Chapter 101 § 2071.
2. Proof that the Defendant is in fact the Note Holder in Due Course and have standing as a party of interest pursuant to Rule § 2-201 and Capacity pursuant to Rule § 2-202 in this Promissory Note and Deed of Trust as Plaintiff has reason to believe the Defendant has sold the Note under "Deed of Trust backed securities instrument" to investors under a pooling of interest.
3. Plaintiff has the substantial right to recover both the Genuine Original Deed of Trust and Genuine Original Promissory Note if Defendant's are allowed to unlawfully foreclose on Plaintiff's real Property. In fact, Defendant MUST present to Plaintiff both the Genuine Original Deed of Trust and Genuine Original Promissory Note. Accordingly, Defendants are barred from foreclosing on Plaintiff's real property until Defendants' present to Plaintiffs' and this Court both the Genuine Original Deed of Trust and Genuine Original Promissory Note; and Defendants' state on and for the record of this Court under penalty of perjury that Defendants' are the True Creditor and Holder in Due Course in the foreclosure action commenced to divest Defendant of Defendant's lawfully owned real property.

4. Defendant MUST states on and for this Court's record that Defendants are in fact the TRUE OWNER of the real property in question, and that any claim of legal ownership by any party is unsubstantiated; and substantiation notwithstanding, TRUE OWNERSHIP is a higher Right than legal ownership in ALL matters pursuant to *Keech v. Stanford 1726*, which has never been abrogated by any court in this nation.

5. Defendant to stipulate via affidavit under penalty of perjury that they are in fact a Creditor in this loan/security instrument. A Creditor needs to show true double entry accounting debits of the loss as a result of the issuance of the loan to Plaintiff according to Generally Accepted Accounting Principles (GAAP).

6. The Petitioner would demand answers to the interrogatories, depositions for disclosure, and discovery propounded by the Plaintiff/Petitioner to verify any and all claims of interest to the land real estate, purportedly held by the Company, its Agents, the Alleged party of interest #1, the Alleged party of interest #2, , pursuant to Rule § 4-421 of the Maryland Rules of Civil Procedure – Interrogatories to Parties, and pursuant to the rules of the Federal Rules of Procedure, Rule 33(2)(b) and Rule 3.

7. It is important to distinguish the "real party in interest" requirement from the "standing" requirement. Standing is constitutional requirement, grounded in Article III of the U.S. Constitution.

8. The U.S. Supreme Court has stated the standing requirement as follows: "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Davis v. Fed. Election Comm, U.S., 128 S. Ct. 2759, 2768, 171 L.Ed.2d 737 (2008).

9. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir.1992). If Defendant cannot produce proof of claim, they have no standing in any future controversy. If Defendant is unable to produce proof of claim, Plaintiff prays the court to order the Defendant to release all claims against Plaintiff and grant rightful remedies due to Plaintiff.

10. The Plaintiff is denying all signatures pursuant to Maryland Commercial Law Code 3-308

    (a) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. *[Emphasis Added]* If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under § 3-402 (a).

Wherefore;

1. The Petitioner pray this Honorable Court rules in her favor and against the Respondents, their Agents, the Alleged party of interest #1, the Alleged party of interest #2, and enter an order for a default judgment with prejudice awarding the Plaintiff/Petitioner with her remedy so requested. In addition the Plaintiff/Petitioner would request reimbursement and restitution for any court cost and consulting fees associated with preparing this cause of action suit.

2. The Petitioner pray this Honorable Court instruct the Respondents, their Agents, the Alleged party of interest #1, the Alleged party of interest #2 to verify the validity of this debt obligation by providing the Plaintiff/Petitioner with the bona fide copy of this debt obligation for **inspection** (Pursuant to the Maryland Rules of Civil Procedure § 2.422 Interrogatories and the Federal rule of civil procedure 34).

3. The Petitioner pray this Honorable Court grants the removal of any and all clouds on her title and grant any other such relief as appropriate related to this suit in equity pertaining to the land real estate located at [416 Collins Road, Edgewater, Maryland, 21037], A DEED DATED 2/08/1978 AND RECORDED 03/20/1978, AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, IN DEED VOLUME 3062 AND PAGE 133 TAX MAP OR PARCEL ID. NO.: 1-000-90013515,and WARRANTY DEED BOOK 3113 PAGE 417 AND DEED OF TRUST BOOK 18199 PAGE 671 of the Public Records of Anne Arundel County, Maryland in the Register's Office for Anne Arundel County, Maryland [Exhibit "A" Warranty Deed, "B" Deed of Trust]

Cynthia C. Neal
In Pro Se
416 Collins Road
Edgewater, MD. 21037
Phone: (410) 271-2244